UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JORGE NAVARETTE,

          Petitioner,

   v.

R. CATERNOLO,

          Respondent.

Case No. C24-0541-BHS-SKV

REPORT AND RECOMMENDATION

Petitioner Jorge Navarrete is a federal prisoner confined at the Federal Detention Center in SeaTac, Washington (FDC SeaTac). Currently pending before the Court is Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, in which he asserts his entitlement to First Step Act (FSA) earned time credits to his sentence. Dkt. 5. Respondent submitted an Answer and Return to the petition, refuting Petitioner's contention and seeking dismissal. Dkt. 8. The Court, after consideration of the petition, response, and remainder of the record, recommends the habeas petition be DENIED and this case DISMISSED without prejudice.

I.    BACKGROUND

On March 10, 2023, Petitioner was sentenced to a 44-month term of imprisonment for conspiracy to commit money laundering. *See United States v. Navarette*, No. CR20-120-RSM,

REPORT AND RECOMMENDATION - 1

Dkts. 237 & 244. Petitioner, who had been admitted to FDC SeaTac as a pretrial detainee on March 16, 2022, was remanded to the custody of the U.S. Marshals and returned to FDC SeaTac while awaiting designation to a Bureau of Prisons (BOP) facility. *See* Dkt. 9, ¶3 & Ex. 1. On September 15, 2023, Petitioner was designated to serve his sentence at FDC SeaTac. *See id.*

Petitioner filed his habeas petition on June 11, 2024. Dkt. 5. Petitioner alleges "Respondent refuses to apply FSA time credit pursuant to the law and 9th Circuit court case law." *Id.* at 4. The petition otherwise, and as discussed further below, does not contain any information specific to Petitioner and his assertion that he is entitled to FSA earned time credits.

Respondent, in a response dated July 22, 2024, asserts that Petitioner's projected release date, including FSA earned time credits, is November 21, 2024. Dkt. 8 at 2; Dkt. 9, ¶4 & Ex. 2. Respondent provides an FSA Time Credit Assessment showing Petitioner has been earning FSA time credits since his September 15, 2023 designation, including 120 days towards early release, which has been applied to calculate his projected release date. Dkt. 9, ¶5 & Ex. 3. Respondent argues Petitioner is not entitled to federal habeas relief because: (1) the petition fails to allege with any specificity that Petitioner is being held in violation of the Constitution or laws of the United States; (2) the petition is not yet ripe for adjudication; (3) Petitioner failed to exhaust his administrative remedies prior to filing the petition; and (4) Petitioner has no statutory right to FSA credits before he receives risk and need assessments. Dkt. 8.

## II. DISCUSSION

Petitioner filed this action pursuant to 28 U.S.C. § 2241. Pursuant to § 2241, this Court has jurisdiction to grant a writ of habeas corpus to an individual "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

1       Because Petitioner raises a challenge to the execution of his sentence, this matter properly
2 proceeds under § 2241.  *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000).
3 However, a petition for writ of habeas corpus must "specify all the grounds for relief available to
4 the petitioner" and "state the facts supporting each ground."  Rule 2(c) of the Rules Governing
5 Section 2254 Cases in the United States District Courts.[1]  "Notice pleading is not sufficient, for
6 the petition is expected to state facts that point to a real possibility of constitutional error."
7 Advisory Committee's Note on Habeas Corpus Rule 4 (cleaned up).  *Accord Mayle v. Felix*, 545
8 U.S. 644, 655 (2005).  Also, while pro se habeas corpus petitions are liberally construed, *Zichko*
9 *v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001), a petition with merely vague and conclusory
10 allegations is subject to dismissal.  *Neiss v. Bludworth*, 114 F.4th 1038, 1041 (9th Cir. 2024)
11 ("Our precedent, and that of the Supreme Court, has made clear that Rule 4 dismissal is required
12 on procedural grounds, such as failure to exhaust or untimeliness, or on substantive grounds
13 where the claims are 'vague,' 'conclusory,' 'palpably incredible,' or 'patently frivolous or
14 false.'") (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977), and *Hendricks v. Vasquez*,
15 908 F.2d 490, 491 (9th Cir. 1990)).  The petition should not, however, be dismissed without
16 leave to amend "unless it appears that no tenable claim for relief can be pleaded were such leave
17 granted."  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).
18       In this case, Petitioner asserts Respondent's refusal to apply FSA earned time credits to
19 his sentence, but does not provide any factual support for this contention.  *See* Dkt. 5.  Petitioner
20 instead provides a one-page, typewritten document filed by multiple other federal inmates in this
21 district.  *Compare id*. at 5, *with Mezquita Vega v. Barron*, C24-0605-KKE-GJL (Dkt. 4 at 5);

---

[1] The Court properly applies the rules governing § 2254 cases to habeas corpus petitions filed pursuant to § 2241.  *See* Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254; *Lane v. Feather*, 584 F. App'x 843 (9th Cir. 2014).

REPORT AND RECOMMENDATION - 3

*Eytcheson v. Caternolo*, C24-0558-JNW-BAT (Dkt. 6 at 5); and *Foletti v. Caternolo*, C24-0542-RSM-TLF (Dkt. 3 at 5). The document makes no reference to Petitioner's individual circumstances, and merely offers boilerplate language challenging how FDC SeaTac calculates FSA earned time credits. *See id*. The boilerplate language also specifically addresses "FSA Time Credit for days in-transit after sentencing." Dkt. 5 at 5. The language is therefore inapplicable to Petitioner, who was not in-transit after sentencing and has been held at FDC SeaTac since his time as a pretrial detainee. Dkt. 9, ¶3.

In seeking dismissal, Respondent argues, *inter alia*, that the petition fails to allege with any specificity that Petitioner is being held in violation of the Constitution or laws of the United States. The Court agrees with Respondent that the petition lacks necessary specificity. Indeed, and as stated above, the petition fails to provide any factual information specific to Petitioner's claim. Nor did Petitioner take the opportunity to reply to Respondent. Petitioner therefore again failed to identify facts supporting his ground for relief or providing any suggestion as to the existence of a real possibility of a constitutional violation. The petition is no more than vague and conclusory and is, as such, properly dismissed.[2]

### III. CONCLUSION

The Court recommends Petitioner's habeas petition be DENIED and this action be DISMISSED without prejudice. A proposed order accompanies this Report and Recommendation.

---

[2] The Court finds dismissal warranted on this basis alone. The Court also notes that, while Respondent asserts a November 21, 2024 projected release date, Dkt. 9, ¶4 & Ex. 2, the BOP website currently reflects that Petitioner is no longer in BOP custody. *See* https://www.bop.gov/inmateloc (last visited October 11, 2024 and stating that Petitioner is "Not in BOP Custody as of: 10/10/2024"). As such, while the Court has not received confirmation of Petitioner's custody status from the parties, it appears that the petition may also be moot and subject to dismissal on that basis.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 5, 2024**.

Dated this 15th day of October, 2024.

S. KATE VAUGHAN
United States Magistrate Judge